Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Cassandra Woods

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Cassandra Woods**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**CRAZYFUNUSA, LLC**, an Arizona limited liability company; **BEG, LLC** an Arizona limited liability company; **Beytullah Aydemir,** an Arizona resident; and **Furkan Beg,** an Arizona resident;<br><br>Defendants. | **Case No.**<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Cassandra Woods, for her Verified Complaint against Defendants, hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and retaliation in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**").

2. This action is also brought to recover lost wages, liquidated damages, statutory penalties, and punitive damages resulting from Defendants' violations of FLSA retaliation and Arizona Minimum Wage Statute retaliation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim for Arizona Minimum Wage Statute Retaliation pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Cassandra Woods resided in the District of Arizona.

7. Plaintiff is a full-time employee for Defendants from in or around January 20, 2018 to the present.

8. At all relevant times, Plaintiff has been an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

9. Defendant CRAZYFUNUSA, LLC is a limited liability company authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

10. Defendant BEG, LLC is a limited liability company authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

11. Defendant Beytullah Aydemir is an Arizona resident. He has directly caused events to take place giving rise to this action. Beytullah Aydemir has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

12. Defendant Furkan Beg is an Arizona resident. He has directly caused events to take place giving rise to this action. Furkan Beg has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1) and A.R.S. § 23-362.

13. Under the FLSA and Arizona Minimum Wage Statute, Defendant Beytullah Aydemir is an employer. The FLSA and Arizona Minimum Wage Statute defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Beytullah Aydemir determined the method and rate of Plaintiff's payment of wages. As person who acted in the interest of the previously identified corporate entity in relation to the company's employees Beytullah Aydemir is subject to individual and personal liability under the FLSA.

14. Under the FLSA and Arizona Minimum Wage Statute, Defendant Furkan Beg is an employer. The FLSA and Arizona Minimum Wage Statute defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Furkan Beg determined the method and rate of Plaintiff's payment of wages. As person who acted in the interest of the previously identified corporate entity in relation to the company's employees Furkan Beg is subject to individual and personal liability under the FLSA.

15. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16. Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Defendants have been engaged in interstate commerce and /or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

19. Defendants are an entertainment company which offers trampoline bouncing and indoor bungee jumping.

20. In or around January 20, 2018 Plaintiff began employment with Defendants as a customer service representative cashier.

21. As a customer service representative cashier, Plaintiff's primary job duties included running the cash register, assisting with customer requests, and helping customers into safety equipment.

22. On July 18, 2018, Plaintiff filed the lawsuit 2:18-CV-02269-DJH: Woods v. CRAZYFUNUSA, LLC *et al.* alleging: 1) FLSA minimum wage violations, 2) Arizona Minimum Wage violations, and 3) Arizona Wage Statute violations.

23. On July 25, 2018, CRAZYFUNUSA, LLC and Beytullah Aydemir were both served in the lawsuit in paragraph 22.

24. After Defendants were served in the lawsuit in paragraph 22, Plaintiff's hours were dramatically reduced.

25. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA and Arizona Minimum Wage Statute.

## COUNT I
## (FLSA RETALIATION)

26. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

27. In pursuing unpaid wages against Defendants by filing the lawsuit 2:18-CV-02269-DJH: Woods v. CRAZYFUNUSA, LLC *et al.*, Plaintiff engaged in FLSA-protected conduct.

28. In response to Plaintiff filing the lawsuit in paragraph 27, Defendants reduced Plaintiff's hours.

29. Plaintiff's reduced hours by Defendants are retaliatory in nature and were done solely to retaliate against Plaintiff for instituting the lawsuit in paragraph 27.

30. Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff engaged in the FLSA-protected activity by filing the lawsuit in paragraph 27.

31. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3). Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

## COUNT II
## (RETALIATION – ARIZONA MINIMUM WAGE STATUTE)

32. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

33. In pursuing unpaid wages against Defendants by filing the lawsuit 2:18-CV-

02269-DJH: Woods v. CRAZYFUNUSA, LLC *et al.*, Plaintiff engaged in conduct protected by the Arizona Minimum Wage Statute under A.R.S § 23-364.

34. Plaintiff suffered adverse employment action when Defendants reduced her hours because Plaintiff filed the lawsuit in paragraph 33.

35. Defendants took such adverse employment action against Plaintiff because Plaintiff engaged in the protected activity by bringing the lawsuit in paragraph 33.

36. As a result of Defendants' conduct, Plaintiff is entitled to an amount set by the court that is sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final; reimbursement of lost wages and interest; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated 29 U.S.C. § 215(a)(3) by reducing Plaintiff's hours, and

  ii. violated A.R.S. § 23-364(g) by reducing Plaintiff's hours.

B. For the Court to award backpay, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and/or punitive damages pursuant to A.R.S. § 23-364(g), 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.      For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.      For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F.      Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 18, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Cassandra Woods

## VERIFICATION

Plaintiff Cassandra Woods declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*/s/ Cassandra Woods*
Cassandra Woods